J-S96043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LANCE B. RUCKER | |
| Appellant | No. 1247 WDA 2016 |

Appeal from the PCRA Order Dated July 13, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011745-1997
CP-02-CR-0012372-1997

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED APRIL 7, 2017**

Appellant, Lance B. Rucker, appeals *pro se* from the order dismissing as untimely his fifth petition for post-conviction relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46.  We affirm.

This Court previously summarized the factual history underlying this appeal as follows:

> The charges [against Appellant] arose from the September 8, 1997 robbery and murder of Frank Ventrosco at this home in the City of Pittsburgh.  Appellant, Wilford Bernard and Gregory Barnett had gone there with the intent of stealing a large amount of marijuana and cocaine they believed was in the house.  As a ruse to gain entrance to the house, Appellant banged on the door and announced to Mr. Ventrosco that he was a City of Pittsburgh Police Officer.  Appellant then pointed a gun at the victim.  As the victim held his hands in the air, Appellant fired a fatal shot directly into the victim's stomach.

***Commonwealth v. Rucker****,* 809 A.2d 964 (Pa. Super. 2002) (unpublished memorandum at 1-2).

Appellant was charged with second-degree murder, robbery, violation of the Uniform Firearms Act, impersonating a public servant and criminal conspiracy.[1] He was tried by a jury and convicted of all charges. On April 23, 2001, the trial court sentenced Appellant to mandatory life imprisonment. He filed a direct appeal, and this Court affirmed his judgment of sentence on August 20, 2002. *Commonwealth v. Rucker*, 809 A.2d 964 (Pa. Super. 2002) (unpublished memorandum). Appellant subsequently filed a *nunc pro tunc* petition for allowance of appeal, which the Pennsylvania Supreme Court denied on March 7, 2006. *Commonwealth v. Rucker*, 895 A.2d 549 (Pa. 2006).

In the intervening years, Appellant has sought relief under the PCRA on four prior occasions and without success. He filed the *pro se* PCRA petition in this appeal – his fifth – on September 16, 2015. Although not required to do so, the PCRA court appointed counsel to represent Appellant, and on February 19, 2016, counsel filed a "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 25, 2016, the PCRA court granted counsel's petition to withdraw. On March 10, 2016, Appellant filed a *pro se* request to proceed *pro se* with standby counsel, and on March 25, 2016, Appellant filed a *pro se* response in

---

[1] 18 Pa.C.S. §§ 2501, 3701, 6106, 4912 and 903, respectively.

opposition to counsel's "no merit" letter. The PCRA court denied Appellant's request for standby counsel on April 14, 2016. On July 13, 2016, the PCRA court dismissed Appellant's PCRA petition without a hearing.[2] This timely appeal followed.

Appellant presents two issues for our review:

1. Whether the state consistent with the due process clause, can convict petitioner for the attempted theft of illegal drugs that the robbery statute does not classify as property under state law, for the purpose of establishing the underlying felony of second degree murder.

2. Whether the failure to raise the claim previously was the result of interference by government officials when the trial court, prosecutor, and defense counsel mislead petitioner and the jury to believe the robbery statute established illegal drugs to be a commodity state law recognized as property, notwithstanding the purchase, use, or ownership of illegal drugs is not property in which federal law protects.

Appellant's Brief at 4.

We begin by noting our standard of review of an order dismissing a petition under the PCRA: we must determinate whether the order of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the

---

[2] Although the PCRA court did not issue notice of its intent to dismiss Appellant's petition pursuant to Pennsylvania Rule of Criminal Procedure 907, failure to issue notice as required by the rule governing disposition of a PCRA petition is not reversible error when the record is clear that the petition is untimely. *Commonwealth v. Ziegler*, 148 A.3d 849, 851 n.2 (Pa. Super. 2016).

findings in the certified record. ***Commonwealth v. Carr****,* 768 A.2d 1164, 1166 (Pa. Super. 2001).

In addition, before we look to the merits of an appellant's claims, we must determine whether the PCRA petition was timely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht****,* 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). If a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id.*** "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa– Taylor,*** 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler****,* 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa–Taylor****,* 753 A.2d at 783. ***See also*** 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant's judgment of sentence was entered on April 23, 2001. He filed an appeal with this Court and we affirmed on August 20, 2002. Appellant was granted leave to file a petition for allowance of appeal with the Pennsylvania Supreme Court *nunc pro tunc*, and the Supreme Court denied the petition on March 7, 2006. Appellant did not petition for a writ of *certiori* with the United States Supreme Court. Therefore, his judgment of sentence became final 90 days later, on June 5, 2006. U.S. Sup. Ct. R. 13 (petition for writ of *certiorari* is deemed timely when filed within 90 days after discretionary review is denied by the Pennsylvania Supreme Court). As Appellant filed the instant petition on September 16, 2015, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant concedes that his PCRA petition is untimely. Appellant's Brief at 8. However, he attempts to circumvent the PCRA's time bar by invoking the government interference exception in Section 42 Pa.C.S. § 9545(b)(1)(i) and claiming that his delay was the result of interference by government officials "when the trial court, prosecutor, and defense counsel mislead petitioner and the jury to believe the robbery statute established illegal drugs to be a commodity state law recognized as property, notwithstanding the purchase, use, or ownership of illegal drugs is not property in which federal law protects." Appellant's Brief at 4. Among other reasons, Appellant's argument fails because he does not provide facts

- 5 -

supporting it. Although he asserts that he filed his September 16, 2015 PCRA petition within sixty days of the date the claim first could have been presented – noting that he learned about the viability of this claim on September 1, 2015 – he does not say how he learned of this claim or otherwise explain his general statement that "his due diligent efforts ascertained" his government interference claims. *Id.* at 6, 12. Appellant merely states that he "received critical incorrect legal advice that demonstrates his failure to raise the claims previously was due to the interference by government officials[.]" *Id.* at 6. Further, Appellant disregards the fact that the counsel who allegedly are the source of the misinformation do not qualify as government officials for purposes of Section 9545(b)(1)(i). *See Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999) (the drafters of the 1995 amendments specifically excluded "defense counsel" from the public officials whose interference gives rise to a claim under Section 9545(b)(1)(i)).

In sum, Appellant's PCRA petition is untimely, and he has failed to establish the applicability of his asserted government interference exception to the statutory time bar. Therefore, the PCRA court properly determined that it had no jurisdiction and dismissed the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017